**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SHERI SPEER | : | CIVIL CASE NO. |
|     Appellant, | : | 3:20-CV-1592 (JCH) |
| | : | |
| v. | : | |
| | : | |
| BONNIE MANGAN, CHAPTER 7 | : | |
| TRUSTEE, | : | MAY 18, 2021 |
|     Appellee. | : | |
| | : | |

**RULING ON BANKRUPTCY APPEAL**

The appellant, Sheri Speer ("Speer"), appeals from the Bankruptcy Court's Order, issued on October 16, 2020, approving the Final Report and Application for Compensation submitted by the Chapter 7 Trustee, Bonnie Mangan (the "Trustee"). See Notice of Appeal (Doc. No. 1); Bankruptcy Order (Doc. No. 1-1). For the reasons stated below, the Bankruptcy Court's Order is affirmed.

**I.     BACKGROUND**

This is Speer's fortieth (40) appeal from an order or ruling of the Bankruptcy Court issued during the bankruptcy proceedings underlying this appeal. See Speer v. Norwich Pub. Utilities et al., No. 3:19-CV-2005 (JCH), Ruling, ECF No. 40 (Oct. 30, 2020), at 8 n.2. Familiarity with the history of these bankruptcy proceedings is presumed.

As relevant here, the Trustee submitted a Final Report and Application for Compensation on September 1, 2020. Appellant's App'x (Doc. No. 15-1) at A39-A129. The Final Report reflects a remaining balance on hand of $38,307.95. Id. at A58. The Final Report proposes payment of $32,379.64 for Chapter 7 administration expenses,

with $5,058.84 to be paid to the current Trustee (Bonnie Mangan), $26,975.80 to be paid to the law firm of the former Trustee (Thomas Boscarino), and $325 to be paid as a United States Trustee fee.  Id.  The remaining $5,928.31 is proposed to be paid in satisfaction of priority claims held by the State of Connecticut, the Internal Revenue Service, Chris Wolfgang, and the Jimmie Lee Aponte Irrevocable Special Needs Trust. Id. at A59.  No funds are left for payment of the many other secured and unsecured claims held by, inter alia, Dr. Michael Teiger, Seaport Capital Partners, LLC, and Norwich Public Utilities.  Id. at A58-61.  The Time Sheet Report submitted in support of the Application for Compensation reflects a grand total of 494.95 hours billed, which would yield a total fee of over $148,000, using the Trustee's hourly rate of $325 and the former Trustee's hourly rate of $375, as well as the lower rates of their subordinates. See id. at A63-127.

Speer filed Objections to the Final Report and Application for Compensation on September 17, 2020.  Id. at A143-45.  Aspects of Speer's Objections relate to concerns she brought to the Bankruptcy Court's attention in a Notice she filed concerning "Matters Left to Administer Bankruptcy Fully" on July 7, 2020.  Id. at A1-6.  Speer participated in a hearing before the Bankruptcy Court on October 14, 2020, during which time she was heard regarding her Objections.  Id. at A149-50.  On October 16, 2020, the Bankruptcy Court issued an Order approving the Trustee's Final Report and Application for Compensation, over Speer's Objections.  Id. at A148-51.

On October 22, 2020, Speer filed her Notice of Appeal, challenging the Bankruptcy Court's October 16 Order.  See Notice of Appeal.  Subsequently, on

January 11, 2021, Speer filed her Brief in support of her appeal.[1]  See Appellant's Br. (Doc. No. 15).  On February 12, 2021, the Trustee filed a Brief arguing for affirmance of the Bankruptcy Court's Order.  See Appellee's Br. (Doc. No. 20).  Speer filed a Reply Brief on March 1, 2021.  See Appellant's Reply (Doc. No. 21).

## II.   STANDARD OF REVIEW

The court reviews the Bankruptcy Court's "findings of fact for clear error and its legal determinations de novo."  In re Tingling, 990 F.3d 304, 307 (2d Cir. 2021) (citations omitted).   "[D]iscretionary rulings of a bankruptcy court . . . [are reviewed] for abuse of discretion."  Id. (citations omitted).

## III.   DISCUSSION

### A.   Rule 2002

Speer argues that two purported failures by the Trustee to comply with Federal Rule of Bankruptcy Procedure 2002 required rejection of the Trustee's Final Report. See Appellant's Br. at 4.  First, Speer argues that Rule 2002 "requires the Notice of Final Report to bear a mailing date, which it does not."  Id.  Subsection (f)(8) of Rule 2002 provides:

> Except as provided in subsection (l) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, all creditors, and indenture trustees notice by mail of . . . a summary of the trustee's final report in a chapter 7 case if the net proceeds realized exceed $1,500.

Fed. R. Bankr. P. 2002(f)(8).  The plain text of subsection (f)(8) requires that notice be provided by mail.  See id.  Speer provides no explanation or reasoning in support of her

---

[1] Speer also resubmitted her Brief on January 28, 2021.  See Notice (Doc. No. 17); Appellant's Br. (Doc. No. 19) (resubmitted copy).

3

argument that an additional requirement exists that "the Notice of Final Report [must] bear a mailing date." See Appellant's Br. at 4. The court concludes from the text of Rule 2002 that no such additional requirement exists.

The Trustee's Final Report and the Notice of the Trustee's Final Report and Application for Compensation both bear an electronically generated filing date of September 1, 2020. See Appellant's App'x at A39, A138. A Certificate of Mailing corresponding with the Final Report was docketed on September 3, 2020. See Record on Appeal (Doc. No. 10) at 195 (Bankruptcy Court Docket Entry 1866). The Notice of the Final Report includes a field labeled "Date Mailed", which was left blank. See Appellant's App'x at A131 ("Date Mailed __/__/____"). However, as explained above, Speer provides no support for her position that Rule 2002 required this field to be filled. Nor has the court identified any authority supporting Speer's position. Further, the Certificate of Mailing provides the date mailed. See In re Speer Case No. 14-21007 (AMN) (Bankr. D. Conn.), Certificate of Mailing, ECF No. 1866 (Sept. 3, 2020). Moreover, the court notes that Speer does not argue that the Certificate of Mailing reflects any deficiency with respect to the mailing of the Final Report or the Notice. See Appellant's Br. at 4-5. Therefore, the court concludes that the Final Report, Notice, and Certificate of Mailing reflect compliance with Rule 2002. The court rejects Speer's argument that Rule 2002 required the Bankruptcy Court to reject the Trustee's Final Report, on the ground that the "Date Mailed" field on the Notice of the Final Report and Application for Compensation was left blank.

Second, Speer contends that the Bankruptcy Court should have provided notice of the Final Report to Attorney Julie Morgan. See Appellant's Br. at 4. According to

Speer, Attorney Morgan's appointment as receiver in a case before the Connecticut Superior Court renders her "the only person with authority to settle, offset or compromise any claims between [Speer] and Dr. Teiger", who is a creditor in Speer's bankruptcy case.  See id. at 4-5.  Speer provides no authority in support of her assertion that Attorney Morgan was entitled to notice of the Final Report as a result of her appointment.  See id.  Therefore, the court rejects Speer's argument that the Bankruptcy Court should have declined to approve the Trustee's Final Report, on the ground that notice of the Final Report should have been provided to Attorney Morgan.

      B.      Trustee's Duties

Speer contends that the Bankruptcy Court should not have approved the Trustee's Final Report, on the ground that the Trustee failed to fulfill her duty to examine proofs of claims.  See Appellant's Br. at 5.  Under subsection (a)(5) of section 704 of title 11 of the U.S. Code, a bankruptcy "trustee shall . . . if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper."  11 U.S.C. § 704(a)(5).  Speer argues that the Trustee failed to examine proofs of claims by Teiger, Clipper Realty Trust, and Seaport Capital Partners, LLC.  See Appellant's Br. at 5-7.  However, Speer's assertion is belied by the fact that the Final Report does not propose payment to Teiger, Clipper Realty Trust, or Seaport Capital Partners, LLC.  Appellant's App'x at A139-42; see Appellee's Br. at 16.  Therefore, the court rejects Speer's argument that the Bankruptcy Court should have declined to approve the Trustee's Final Report, on the ground that the Trustee failed to fulfill her duty to examine proofs of claims.

Speer also contends that the Trustee failed to fulfill her duty under subsection (a)(7) of section 704 to "furnish [ ] information concerning the estate and the estate's administration, as is requested by a party in interest", 11 U.S.C. § 704(a)(7), by failing to provide information requested by Speer "as to hours billed and information obtained regarding Seaport's scheme." See Appellant's Br. at 7.  As Speer makes clear in her Brief, this is a reformulation of her argument that the Trustee failed to fulfill her duty to examine proofs of claims.  See id. ("Either that information was withheld . . . or it simply never existed, meaning no due diligence was attempted so as to even be able to perform the duty set forth in . . . [section] 707(a)(5)."). The court has already rejected Speer's argument that the Bankruptcy Court should have declined to approve the Trustee's Final Report, on the ground that the Trustee failed to fulfill her duty to examine proofs of claims.

Alternatively, although Speer does not include the absence of subject matter jurisdiction as one of her "three reasons the report should not have been approved", see Appellant's Br. at 3, Speer's reference to "Seaport's scheme" may be construed as an effort to reassert her argument, rejected in prior appeals, that the Bankruptcy Court lacked subject matter jurisdiction.  The court observes that Speer states in the Conclusion of her Brief that the court should issue a remand order to the Bankruptcy Court "[r]ecommend[ing] that the involuntary petition be dismissed for lack of subject matter jurisdiction", id. at 8.

In multiple previous appeals from this same bankruptcy matter, Speer has argued that the Bankruptcy Court lacked jurisdiction under section 303(b) of the U.S. Code because there were not three proper petitioning creditors when Speer's

6

bankruptcy case was initiated in 2014.  See In re Speer, No. 3:20-CV-1095 (JCH), Ruling, ECF No. 21 (Nov. 3, 2020), at 1.  This court has already rejected this argument as frivolous, because "the Second Circuit [has] expressly stated that . . . the chief authority on which Speer relies . . . 'can no longer be considered good law on this point.'"  Id. at 2 (quoting In re Zarnel, 619 F.3d 156, 169 (2d Cir. 2010)).

Speer's Objections and Notice concerning "Matters Left to Administer Bankruptcy Fully" also include allegations of misconduct by creditor Seaport Capital Partners, LLC and other entities and individuals connected to Speer's bankruptcy proceedings.  See Appellant's App'x at A1-6, A143-45.  However, apart from subject matter jurisdiction, Speer does not articulate an explanation for how or why her allegations would require rejection of the Trustee's Final Report, nor can the court discern any such ground for rejection from Speer's Objections, Notice, and the many documents Speer filed in connection with her Notice.  See id. at A1-38, A143-47; see also Notice (Doc. No. 16) (alleging impropriety on the part of counsel for creditor Dr. Michael Teiger).  The Trustee was not responsible for adjudicating every grievance between Speer, her creditors, and their counsel.  See 11 U.S.C. § 704(a)(5) (providing that the "trustee shall . . . if a purpose would be served, examine proofs and claims and object to the allowance of any claim that is improper" (emphasis added)).  Therefore, the court concludes that the Bankruptcy Court did not lack subject matter jurisdiction and did not abuse its discretion by refraining from requiring the Trustee to further investigate Speer's grievances against her creditors and their counsel.

D.     Mootness

The Trustee argues that Speer's appeal is moot, because the Trustee has already distributed the funds on hand in Speer's bankruptcy estate.  See Appellee's Br. at 19.  An appeal from a bankruptcy proceeding is moot under Article III of the U.S. Constitution "when, during the pendency of an appeal, events occur that would prevent the appellate court from fashioning effectively."  In re Chateaugay Corp., 988 F.2d 322, 325 (2d Cir. 1993) (citations omitted).  A court may also dismiss an appeal from a bankruptcy proceeding under the equitable mootness doctrine "when, even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable."  Id.  As the Second Circuit has explained, "[e]quitable mootness is a doctrine distinct from constitutional mootness, though they have been discussed in the same breath."  In re Metromedia Fiber Network, Inc., 416 F.3d 136, 143-44 (2d Cir. 2005) (citations omitted).

According to the Trustee, she distributed the funds on hand in Speer's bankruptcy estate, because the Bankruptcy Court authorized the Trustee to do so, and Speer did not secure a stay pending appeal.  See Appellee's Br. at 19.  Therefore, according to the Appellee, "the Court cannot fashion any meaningful relief for [Speer]."  See id.  However, the mere fact that a bankruptcy estate's funds have been distributed does not render an appeal from a bankruptcy proceeding moot.  See In re Chateaugay Corp., 988 F.2d at 326 ("As a practical matter, completed acts in accordance with an unstayed order of the bankruptcy court must not thereafter be routinely vulnerable to nullification if a plan of reorganization is to succeed." (emphasis added)).

The Trustee makes no argument that the Bankruptcy Court is somehow barred by law from ordering the return of any portion of the funds the Trustee has distributed. See Appellee's Br. at 19.  Therefore, the court concludes that dismissal of Speer's appeal is not warranted under the constitutional mootness doctrine.

Given that the court has rejected Speer's arguments in support of her appeal, the court declines to address the Trustee's mootness arguments under the equitable mootness doctrine.  The Second Circuit has indicated that an appellant who fails to seek a stay of a bankruptcy court's order pending appeal bears the burden of showing that a matter is not equitably moot.  See In re Chateaugay Corp., 988 F.2d at 326.  However, it is not clear whether this principle holds true in cases involving pro se debtors.  Further, neither the Trustee nor Speer has briefed this issue in depth.  The Trustee asserts, without citation to a comparable case, that the case is moot because the funds have been disbursed.  See Appellee's Br. at 19.  Speer responds only that "unwinding the bankruptcy would be difficult[, but t]he fact that it is difficult and would be a substantial undertaking does not eliminate the requirement in the duty to do what equity in the law require."  See Appellant's Reply at 2-3.  Given the parties' sparse arguments on this issue, Speer's pro se status, and the court's rejection of Speer's arguments in support of her appeal, the court declines to address whether dismissal is warranted under the doctrine of equitable mootness.

### IV.   CONCLUSION

For the reasons stated above, the court affirms the order of the Bankruptcy Court approving the Trustee's Final Report and Application for Compensation.  The Clerk is directed to close the case.

**SO ORDERED.**

Dated this 18th day of May 2021, at New Haven, Connecticut.

                                             /s/ Janet C. Hall
                                            Janet C. Hall
                                            U.S. District Judge